NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL BLAKNEY,

        Plaintiff-Appellant,

  v.

MADHU PRASAD, M.D.; et al.,

        Defendants-Appellees.

No. 19-35654

D.C. No. 3:18-cv-00098-TMB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 11, 2020**
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Paul Blakney appeals the district court's dismissal of his declaratory judgment

action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This action relates to an ongoing medical malpractice lawsuit in Alaska state court, wherein Blakney alleged that Dr. Madhu Prasad, Far North Surgery & Surgical Oncology P.C., and Galen Alaska Hospital, Inc. provided negligent medical treatment to Blakney. In its answer to the complaint, Galen Alaska Hospital, Inc. asserted as an affirmative defense that Blakney's damages are limited under section 09.55.548(b) of the Alaska Statutes. In April 2018, Blakney filed an action in federal court seeking a declaratory judgment that the affirmative defense asserted in the state court action is preempted by ERISA.

If a state law claim is completely preempted by ERISA § 502(a), then federal courts have federal question subject matter jurisdiction. *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) ("Conflict preemption under ERISA § 502(a) . . . confers federal subject matter jurisdiction for claims that nominally arise under state law. . . . Ordinarily, federal question jurisdiction does not lie where a defendant contends that a state-law claim is preempted by federal law. . . . But state-law claims may be removed to federal court if the 'complete preemption' doctrine applies." (citations omitted)); *see also Mack v. Kuckenmeister*, 619 F.3d 1010, 1021 (9th Cir. 2010) ("Where [ERISA preemption] is raised as a defense in a case that does not otherwise arise under ERISA, state courts retain jurisdiction over the case and over the preemption

2

question."). Here, Blakney cannot establish that his state law medical malpractice claims are completely preempted.

"[A] state-law cause of action is completely preempted if (1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)[], and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Fossen*, 660 F.3d at 1107–08 (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009)). For a state law cause of action to be preempted, both prongs of the test must be satisfied. *Marin Gen.*, 581 F.3d at 947.

Even if the first prong was satisfied, it is clear that the second prong is not, as the duties implicated in Blakney's state law medical malpractice claims do not derive from ERISA. The tort duties at issue in the state law claims would exist regardless of whether an ERISA plan existed. *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665–67 (9th Cir. 2019). Therefore, Blakney's medical malpractice claims are not completely preempted, and the district court correctly dismissed for lack of subject matter jurisdiction.

**AFFIRMED.**

3